HOUSTON PRINTING COMPANY V. HANNAH DEMENT ET AL.

Delivered January 27, 1898.

1. **Libel—Truth No Justification, When.**

It is no justification to an action of libel against a newspaper for publishing an item to the effect that plaintiff had been jailed on a charge of horse stealing to prove that such charge and incarceration had been made as alleged, but it must be proved that the charge of theft was true.

2. **Statutory Construction—Title of Act—"Personal Injuries."**

The title of an act "to provide for the survival of causes of action for personal injuries, other than those resulting in death," is broad enough to include an action of libel and slander for injuries to the reputation.

3. **Damages for Mental Anguish—Survival of Action For.**

By virtue of the Act of May 4, 1895, damages for mental anguish suffered by plaintiff may, in an action for libel, be recovered by his representatives after his death pending the action.

APPEAL from Washington. Tried below before Hon. E. R. SINKS.

*Searcy & Garrett,* for appellant.

*Beauregard Bryan,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought against the appellant by C. G. Dement, who having died since the institution of the suit, the appellees, the widow and children of the decedent, by leave of the court, made themselves parties plaintiff on February 24, 1897.

The suit was to recover damages for the following publication in the Houston Post on November 22, 1894: "Giddings, Texas, November 21.—C. G. Dement, formerly of Washington County, and who was at one time a Baptist preacher, was jailed last night on a charge of horse stealing. His son-in-law, Joe Holsten, was jailed as particeps criminis. The horses alleged to have been stolen were the property of J. C. Hillsman of Ledbetter."

The defendant, on February 24, 1897, answered by general and special demurrers; the special exceptions being in substance: first, that the original plaintiff having died since the institution of the suit, the cause of action, if any ever existed, died with him; second, that so much of the Act of May 4, 1895, which provides for the survival of causes of action for injury to the reputation of a person, is unconstitutional, because it is not embraced in the title of the act; third, to that part of the petition which alleges that the publication complained of greatly wounded and lacerated the feelings of said C. G. Dement and humiliated him, and exposed him to obloquy, insult, injury, and danger, because such damages are not recoverable in this suit. And to the merits, the defendants pleaded general denial, and admitted the publication complained of, and alleged the facts stated therein to be true; and further pleaded, that in order to carry on a reliable newspaper defendant had to have correspondents throughout the State; that at this time it had a local correspondent at Giddings, in the person of W. O. Bowers, a reliable and reputable person, who was cautious and prudent in reporting news for its paper; that on the 21st of November, 1894, said correspondent in the town of Giddings sent to defendant as an item of news the communication, the publication of which in the Post on the 22d of November is the ground of plaintiff's suit. That the defendant, not knowing said parties or either of them, and having no reason to believe the report untrue, but believing the facts so reported to be true, in good faith, without malice or intent on its part to injure the said Dement, published the same without comment thereon. That after said publication, and as soon as this defendant learned that said plaintiff claimed he had been improperly arrested and jailed, and before the institution of this suit, it had published in its Daily, Semi-weekly, and Weekly Post, the following, to wit:

"ALLEGED A CONSPIRACY.    REV. DEMENT ARRESTED, BUT NOT WANTED
AT GIDDINGS.

"Brenham, Texas, November 24.—In Thursday's Post the following
item appeared in the special from Giddings: 'C. G. Dement, formerly
·of Washington County, and who was at one time a Baptist preacher,
was jailed last night on a charge of horse stealing.   His son-in-law, Joe
Holsten, was jailed as particeps criminis.    The horses alleged to have
been stolen were the property of J. C. Hillsman of Ledbetter.'   Mr. C.
G. Dement, the gentleman in question, was seen in this city by the Post
correspondent this morning in company with Sheriff Teague, but not
as a prisoner, on his way to Giddings.   He said he felt greatly humiliated
by the publication of this item in the Post and in the Brenham Banner,
both of which papers circulated at his old home; for the reason that he
was innocent, and the victim of what he believed to be a conspiracy to
injure him; and Sheriff Teague, as his friend, was then going with him
to investigate the matter and sift it to the bottom, with a view to start-   ·
ing suit for damages against the perpetrators of the alleged conspiracy.
That he was arrested and jailed at Giddings, he says, is true; a con-
stable from Fayette County did arrest him, and that he was refused bond
on the ground that they could not take bond when court was in session;
.and without warrant of arrest, or complaint ever having been made, he
was ruthlessly arrested, thrown in jail, denied bond, when he could have
given a $10,000 bond in an hour, and restrained of his liberty for forty-
two hours, when the La Grange, Fayette County, officers telegraphed
that they didn't want him, and he was then released.   He is indignant,
.and will endeavor to vindicate himself and family name by prosecuting
to the fullest extent of the law the parties responsible for his arrest.
This is the first time any of the Dement family were ever arrested."

That this publication above set out was given as prominent a place in
the Daily, Semi-weekly, and Weekly Post as was the first publication
complained of, and was given as wide circulation as the first publication,
whereby defendant did all in its power to rectify the wrong and injury,
if any was done plaintiff, by said first publication.   Defendant knew
neither of said parties and had no ill will or malice against either, but
acted in perfect good faith, believing the same to be true, and had no
intention of injuring any one.

Upon trial of the cause, the general exception and the first, second,
and third special exceptions of the defendant were overruled, and de-
fendant excepted; and verdict and judgment were rendered for plain-
tiffs for $1000, and defendant appealed to this court.

The case is briefly this:   On November 20, 1894, one Sanders, a dep-
uty sheriff of Fayette County, accompanied by one Bernshausen, who
went with Sanders for the purpose of identifying Dement and Holsten,
went to the residence of Dement, in Lee County, and arrested him and
Holsten, without warrant, but upon suspicion only, that they had stolen

two horses belonging to one Hillsman. Dement was informed by Sanders that he had no warrant, but that he was compelled to arrest him on suspicion. Upon this Dement consented to go to Giddings, and upon arriving in Giddings, over the protest of Dement, both himself and his son-in-law, Holsten, were imprisoned in the county jail upon charge of theft of horses, and they remained in jail for forty-two hours, when they were released on a telegram from the officers at La Grange. There was no complaint made against Dement, but the arrest seems to have been made voluntarily by Sanders, merely upon his own suspicion, that the two men were guilty of the theft of Hillsman's two horses. Dement was an old resident of Washington and Lee counties, and his character was without reproach, until charged with theft of these two horses. The evidence showed that his arrest and incarceration and the publication thereof in the Houston Post caused him much mental suffering. On the part of the defendant, it was proved that he did not know Dement, and had no intention to injure him by publishing the matter complained of, and that it was published simply as an item of news; and the evidence further showed that the matter published was sent to defendant by his correspondent at Giddings, who was a reputable citizen of that town; and the defendant proved also the publication in the Post, on the 24th of November, of the communication from Brenham as set out in defendant's answer, and that this publication was made in the Daily, Semi-weekly, and Weekly Post, and that it was given as prominent a place in the Post as was the publication complained of by plaintiffs.

This case was before this court on appeal in 1896, and is reported in 37 Southwestern Reporter, p. 985. From that report it will be seen the questions here presented under the fourth assignment of error were then decided adversely to appellant. We then held, that to sustain the defendant's plea of justification it was necessary to prove that the charge against the plaintiff was true, and that proof only that the charge had been made as published could not sustain the plea of justification, and was not a defense to the action. Under the appellant's first assignment of error it is insisted that the action in this case died with the original plaintiff, and that the trial court erred in not so holding; and that the Act of May 4, 1895, entitled "An act to provide for the survival of causes of action for personal injuries, other than those resulting in death, and for the enforcement thereof," is, so far as it includes injuries to the health or to the reputation of the injured party, unconstitutional and void, in that the subject of injuries to the health or to the reputation of the injured party is not indicated by or expressed in the title or caption to the act. The question is presented with much force in appellant's brief, but we are constrained to dissent from his proposition, and to hold that libel and slander are included in the term personal injuries; and that therefore injuries to the reputation are indicated by the caption of the Act of May 4, 1895. That injuries to the physical

man are generally meant by the expression "personal injuries" may be conceded; but it is nevertheless true that injuries to the reputation and to the health have ever been classed and treated by law writers as personal injuries. The absolute rights of each individual are the right of personal security, the right of personal liberty, and the right of private property. Injuries which affect the personal security are injuries against the life, the limb, the body, the health, or the reputation of the individual. See 3 Blackstone, p. 118. The second and third assignments of error assail the ruling of the court in not sustaining defendant's exception to the petition, so far as it sought to recover damages for the use of language, in the publication, which was calculated and did greatly wound and lacerate the feelings of plaintiff's husband, and humiliated him and exposed him to obloquy, insult, injury, and danger; and in permitting testimony, over the objection of defendant, as to the wounded feelings and mental distress of C. G. Dement, and how he was affected personally by the publication. These assignments seem to be based upon the assumption that damages for mental suffering are not recoverable by plaintiffs. If plaintiffs were suing for damages for the death of C. G. Dement, counsel's position would be correct, as is shown by the authorities cited by him. But we hardly think it could be questioned that if C. G. Dement were still the plaintiff in this suit he could recover for mental anguish; and if the action, as we have held, survives to the present plaintiffs, it follows that they too may recover such damages. The seventh assignment is that the court should have granted a new trial because the verdict is excessive, in that there is no evidence to show that the plaintiffs had sustained any damages by reason of the publication complained of. The charge of horse theft is actionable per se, and in such actions, injury is a presumption of law. The verdict is large, and while we are inclined to think it is more than should have been awarded by the jury, yet the amount is not so great that we can say that the verdict was the result of corruption, prejudice, or sympathy on the part of the jury, and we can not therefore disturb it. What we have said disposes, we think, of the assignments which we have not discussed. The judgment is affirmed.

*Affirmed.*

Writ of error refused.