## BREWSTER et al. v. BAKER et al.

### No. 3646.

Court of Civil Appeals of Texas. Beaumont.

March 21, 1940.

Baldwin & Jernigan and W. J. Baldwin, all of Beaumont, for appellants.

B. T. McWhorter and Shivers & Keith, all of Port Arthur, for appellees.

WALKER, Chief Justice.

As tried in the lower court, this was an action by appellant, Mrs. W. H. Brewster, joined by her husband, against the City of Port Arthur, Jefferson County, Texas, H. F. Baker, Chief of Police of the City of Port Arthur, and Dr. George Sladczyk, for damages for libel, slander, false arrest, and false imprisonment. The action against Baker and Dr. Sladczyk was predicated on a conspiracy between them which, on the allegations of the petition, culminated in the libel, slander, false arrest, and false imprisonment; it was charged that Baker, as a result of this conspiracy, arrested and imprisoned appellant. The court sustained the plea in abatement of the City of Port Arthur, predicated upon Sec. 29, Chapt. 23 of its charter: "Notice of Claim of Damages as Prerequisite to Suit.—Before the City of Port Arthur shall become liable for damages for personal injury of any kind, the person injured or the owner of the property injured or destroyed, or some one in his behalf, shall give to the City Commission notice in writing of such injury or destruction duly verified, within sixty (60) days after the same has been sustained; stating in such written notice, when, where and how the injury or destruction occurred; the apparent extent thereof; the amount of damages sustained; the amount for which the claimant will settle; the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injury or destruction; and the names and addresses of all witnesses upon whom he relies to establish his claim. No suit shall be maintainable on any of the causes of action herein set out for a period of sixty (60) days after the notice shall have been given to the City Commission, in compliance with this section, in order to enable the City Commission to investigate the merits

of said claim and adjust same without suit if deemed advisable so to do." Judgment was entered in favor of Dr. Sladczyk on an instructed verdict. Judgment was for Baker on the verdict of the jury finding that he did not compel appellant to go to his office on the day in question; that he did not falsely restrain her at the police station against her will; and that she was not "falsely imprisoned" by him. From the final judgment entered against her, appellant has duly prosecuted her appeal to this court.

No assignment of error or proposition is brought forward against the judgment in favor of Baker; so it is in all things affirmed.

On the issues between appellant and Dr. Sladczyk, she advances the following proposition: "Where, in a suit against two defendants for slander and false arrest and imprisonment and alleging a conspiracy between them to so slander and falsely arrest and imprison the Plaintiff, and where Plaintiffs plead such a conspiracy and there was evidence tending strongly to show the same, it was error for the Court to instruct the jury to return a verdict in favor of one of the defendants, after the evidence was in and both sides had rested, when this matter should have gone to the jury for their decision."

On the fact issues under this proposition, appellant testified (Q. and A. reduced to narrative): "In a telephone conversation with me Dr. Sladczyk said, 'you are nothing more than a public nuisance. I don't want you to bother me any more.' I said, 'I don't know what the trouble is, Doctor.' He says, 'I am going to have you arrested,' and he slammed up in my ear. That conversation was on Saturday evening. The next time I saw him was at his home on Sunday night following. I don't know what he didn't say to me at that time. I asked him why he done me like he did, why he cursed me out and all this. He said, repeated his sentence that he was going to have me arrested. I asked him why he was going to have me arrested. He said that was his damn business why he was going to have me arrested, and I got up and left. I went out to Dr. Sladczyk's house that Sunday evening to see what he was going to have me arrested for. He said he was going to have me arrested, I wanted to know

what for. I went into his living room and sat down and talked to him. He told me he was going to have me arrested. I asked him what for. He said, 'None of your God damn business.' Before I went out to his house I didn't call him on the phone and tell him I was going to kill him. I never did threaten his life." She also testified that on Monday morning following her Sunday night visit to the home of Dr. Sladczyk Baker called her on the phone and that at his request she went to his office. She testified to the facts upon which she predicated her action for false arrest and false imprisonment; all issues raised by her testimony on these points were found against her and in favor of Baker.

Dr. Sladczyk testified by deposition: "Thursday—or Saturday night—Mrs. Brewster called me and I talked to her from the Port Arthur Club. I hadn't been at the club very long when she called me; I had just gotten there and I was out making some calls. That was when I told her she had better get another physician; she was quite hostile at the time and I told her if she wanted to get somebody else it would be all right. I talked to Baker about Mrs. Brewster, and I think it was on Monday. He came out to my house. I called him there to discuss Mrs. Brewster with him. He said he would talk to her about it. I told him the circumstances under which I was calling—that Mrs. Brewster had made threats on my life and things of that character, and it disturbed Mrs. Sladczyk quite a bit. I didn't tell him to arrest her and put her under a peace bond. I didn't know what to do myself, personally, and I told him the circumstances and that I just didn't want any trouble with anybody and I didn't know what to do. He didn't tell me that he would arrest her and have her brought down to the city jail. Baker would never have known about the conversation Mrs. Brewster and I had over the telephone but for the fact that I told him about it. I told him that she had threatened my life. I didn't 'particularly' tell him that I wanted something done about it. I didn't have anything in mind except that I didn't want any trouble. That was the only thing."

By finding in favor of Baker, the jury eliminated the theory of false arrest and false imprisonment advanced by appel-

lant's proposition, and the fact that the verdict was instructed in favor of Dr. Sladczyk contributed in no way to the jury's findings on these issues. It should also be said that there was not a scintilla of evidence raising the issue of conspiracy between Dr. Sladczyk and Baker to have appellant arrested.

■ The statements made by Dr. Sladczyk to Baker, that appellant had threatened his life, were privileged and did not constitute a cause of action for slander; they were made to an officer of the law concerning a threatened crime. Hott v. Yarbrough, 112 Tex. 179, 245 S.W. 676; Meyer v. Viereck, Tex.Civ.App., 286 S. W. 894. The judgment in favor of Dr. Sladczyk is in all things affirmed.

■ The plea in abatement filed by the City of Port Arthur was correctly sustained. The alleged injury occurred on the 17th day of October, 1938, and on the allegations of the petition the notice was given on the 17th day of April, 1939, more than sixty days after the alleged injury. As a condition precedent to establish her cause of action, appellant was required by the city charter of the City of Port Arthur to give notice within sixty days after the alleged injury—the date of the alleged slander. The charter was not complied with, and, therefore, the plea in abatement was properly sustained. City of Beaumont v. Baker, Tex.Civ.App., 95 S.W.2d 1365; Parsons v. City of Fort Worth, 26 Tex.Civ.App. 273, 63 S.W. 889; Jones v. City of Fort Worth, Tex.Com.App., 267 S.W. 681; 30 Tex.Jur. 558.

■ We overrule appellant's proposition that the alleged damages suffered by her as a proximate result of the alleged slander do not fall within the charter provision requiring notice "for damages for personal injuries of any kind." Damage to character as the result of slander or libel is a personal injury. I. & G. N. Ry.

Co. v. Edmundson, Tex.Civ.App., 185 S.W. 402; Houston Printing Co. v. Dement, 18 Tex.Civ.App. 30, 44 S.W. 558; Sanderson v. Hunt, 116 Ky. 435, 76 S.W. 179, 3 Ann. Cas. 168; Words & Phrases, First Series, vol. 6, p. 5341.

■ We give appellants' third proposition: "That the provisions of the Charter of a Municipal Corporation, requiring a written notice of personal injuries be presented to the City Commissioners within sixty (60) days from the date of sustaining same, does not apply to an action against such Municipal Corporation for Libel and the damages resultant therefrom, alleged to have been committed by the City Manager and the City Commissioners themselves, acting in their capacity as officers and agents of such city, and it was error for the Court to sustain a Plea in Abatement of such Municipal Corporation based upon the failure to give notice within the period of sixty (60) days." As against the City of Port Arthur, appellant alleged that the libel and slander were published by the City Manager and by the City Commissioners, "acting in their official capacity"; there was no allegation that they were acting as the City Commission. There was no allegation that the libel and slander were published by the City Commission or the Mayor. The charter provision in issue requires that notice be given to the *City Commission;* there is no charter requirement that the notice be given to the city commissioners individually. So, appellants' proposition has no support in the facts. City of Beaumont v. Baker, supra. Therefore, the judgment in favor of the City of Port Arthur is in all things affirmed.

It follows from what we have said that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.