Reversed and Remanded and Majority and Concurring Opinions filed October
6, 2005









Reversed and Remanded and Majority and Concurring
Opinions filed October 6, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00701-CV

____________

 

DENNIS H. TAYLOR
AND SHEPHERD, SMITH & BEBEL, P.C., Appellants

 

V.

 

VALERIE WILSON, Appellee

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 04-02864

 



 

C O N C U R R I N G   O P I N I O N

The court 
correctly concludes that the legal malpractice claim does not fall
within the statutory exemption for personal injury claims under the Texas
Arbitration Act.  However, the majority=s analysis, which
ostensibly relies in part on legislative history, misses the mark.  The legislative history for the Texas
Arbitration Act is silent with respect to whether Apersonal injury@ includes legal
malpractice, but even if it were not, there is no reason to look to legislative
history because, under the unambiguous meaning of the statute, a legal
malpractice claim is not a claim for personal injury.








The Texas Arbitration Act is contained in
Chapter 171 of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 171.001, et
seq.  Section 171.002, entitled AScope of Chapter@ states:

(a) This chapter does not apply to:

. . .

(3) a claim for personal injury,
except as provided by Subsection (c);

. . .

(c) A claim described by Subsection
(a)(3) is subject to this chapter if:

(1) each party to the claim, on the
advice of counsel, agrees in writing to arbitrate; and

(2) the agreement is signed by each
party and each party=s attorney.

 

Tex. Civ. Prac. & Rem.
Code Ann. ' 171.002 (Vernon 2005).  The parties did not comply with 171.002(c);
therefore, if the legal malpractice claim is a claim for personal injury, it is
subject to the Texas Arbitration Act. 
Thus, the outcome of this case turns on the meaning of Apersonal injury@ as used in
section 171.002(a)(3) and whether a legal malpractice claim falls within its
scope.  

As noted in the majority opinion, Texas courts are divided on
this issue.  Compare Miller v. Brewer, 118 S.W.3d 896,
899 (Tex. App.CAmarillo 2003, no pet.) (holding a legal
malpractice suit stemming from employment discrimination is not a claim for
personal injury); and In re Hartigan, 107 S.W.3d 684, 690B91 (Tex. App.CSan Antonio 2003,
pet. denied) (holding a legal malpractice claim is not a claim for personal
injury); with In re Godt, 28 S.W.3d 732, 738B39 (Tex. App.CCorpus Christi
2000, no pet.) (holding a legal malpractice claim is a personal injury action
for all purposes). 








The term Apersonal injury@ has been used in both a narrow sense
of Abodily injury@ and a broader sense, meaning a personal wrong,
including libel, slander, malicious prosecution,  assault, and false imprisonment, as well as
bodily injury.  See Gray v. Wallace,
319 S.W.2d 582, 583B84 (Mo. 1958); Soukop v. Employers
Liability Assur. Corp., 108 S.W.2d 86, 90 (Mo. 1937).  (AThe words >personal injuries= as defined by
lexicographers, jurists, and text-writers and by common acceptance, denote an
injury either to the physical body of a person or to the reputation of a
person, or to both.@); Black=s Law Dictionary 707 (5th ed.
1979) (defining Apersonal injury@ as follows: AIn a narrow sense,
a hurt or damage done to a man=s person,
such as a cut or a bruise, a broken limb, or the like, as distinguished from an
injury to his property or his reputation . . . the term is also used (chiefly
in statutes) in a much wider sense, and as including any injury which is an
invasion of personal rights, and in this signification it may include such
injuries to the person as libel or slander, criminal conversation, malicious
prosecution, false imprisonment, and mental suffering.@).  Regardless of whether torts that do not cause
bodily injury, such as libel, slander, and malicious prosecution, constitute Aa claim for
personal injury@ under section 171.002(a)(3), under either
the narrow or broad definition of Apersonal injury,@ a legal
malpractice claim is not a personal-injury claim.  Legal malpractice does not involve bodily
injury, and it does not involve injuries to rights regarding the person.  








Other states considering the issue in the context of which
statute of limitations to apply to legal malpractice claims, have found legal
malpractice is not a personal injury claim. 
For example, the New Jersey Supreme Court  reasoned that Athe gravamen of legal-malpractice
actions is injury to the rights of another, not personal injury.@  McGrogan v. Till, 771 A.2d 1187, 1192
(N.J. 2001); see also Neel v. Magana, Olney, Levy, Cathcart & Gelfand,
98 Cal. Rptr. 837, 840 (Cal. 1971) (noting that legal malpractice causes damage
to Aintangible property interests@); Higa v. Mirikitani, 55 Haw.
167, 517 P.2d 1, 4 (1973) (commenting that Avirtually all claims for legal
malpractice [concern] a non-physical injury to an intangible interest of the
plaintiff@); Acharya v. Carroll, 152
Wis.2d 330, 348 N.W.2d 275, 279 (Ct. App. 1989) (A>With few exceptions, . . . the courts
have concluded that legal malpractice does not cause personal injuries and,
therefore, is not governed by a personal injury tort statute of limitations.@) (quoting 2 Ronald E. Mallen &
Jeffrey M. Smith, Legal Malpractice 18.6 at 75B76 (3d ed. 1989)).  The McGrogan court relied on the
analysis from an earlier case in which the court reasoned that Aa legal-malpractice action was not >a personal injury claim but rather an
assertion that an attorney engaged for a particular purpose was negligent in
the handling of it, resulting in pecuniary loss to appellant.@ 
McGrogan, 771 A.2d at 1193. 
Likewise, a Tennessee court found that legal malpractice is a claim in
which Athe injury is not to the person but
the negligent failure of the attorney to perform@ his or her professional
obligation.  Hillhouse v. McDowell,
410 S.W.2d 162, 166 (Tenn. 1966).

The Supreme Court of Illinois reasoned that the Abasis of the legal malpractice claim
is that the plaintiff would have been compensated for an injury caused by a
third party, absent negligence on the part of the plaintiff=s attorney.@ 
Eastman v. Messner, 721 N.E.2d 1154, 1158 (Ill. 1999).  Thus, the court came to the conclusion that
the Ainjuries resulting from legal
malpractice are not personal injuries but, instead, are pecuniary injuries to
intangible property interests.@  Id.  Likewise, the Supreme Court of Pennsylvania,
in determining whether a legal malpractice claim was for damages for personal
injury, concluded that Aa claim for damages based upon legal malpractice does not
involve personal injury in that it arises out of negligence and breach of
contract, and the injury alleged concerns purely pecuniary interests.@ 
Hedlund Mfg. Co. v. Weiser, Stapler & Spivak, 539 A.2d 357,
359 (Pa. 1988). Pennsylvania=s high court reasoned that the rights involved are more akin
to property rights.  See id.  

In sum, though the nature of a legal-malpractice claim may
vary, it is fundamentally a claim for damage to the claimant=s intangible
interest, not to a personal right seeking redress for injury to one=s body, mind, or
emotions.  Applying a plain-meaning
analysis, a legal malpractice claim is not a claim for personal injury. 








The majority emphasizes the legislative
history of the statute, which the majority claims evinces a legislative intent
to restrict the scope of Apersonal injury@ to Aphysical injury.@  This is not an accurate characterization of
the legislative history.  As stated in
the law review comment on which the majority relies, an amendment was added to
the 1979 legislation in question, creating the exceptions that are now codified
at section 171.002(a)(3),(4) of the Texas Civil Practice and Remedies Code.  See Robert J. Kraemer, Attorney-Client
Conundrum: The Use of Arbitration Agreements for Legal Malpractice in Texas,
33 St. Mary=s L.J. 909, 932B34 (2002).  As noted by the author of the comment, A[t]hroughout this
evolution in the statute, no discussion or consideration is on record that the
original legislative intent for the personal injury provision under Section
171.002 included or excluded legal malpractice.@  Kraemer, 33 St.
Mary=s L.J. at 934.  Furthermore,
the legislative history is silent as to whether the Texas Legislature intended
to use Apersonal injury@ in the narrower
sense of bodily injury.  The only support
in the one authority (the  law review
comment) the majority cites is the author=s statement that A[t]he amendment
was only concerned with physical personal injuries, as it also sought to
exclude claims for workers= compensation.@  Kraemer, 33 St.
Mary=s L.J. at 933.  However, the
only authority cited for this proposition is the text of the statute
itself.  See Kraemer, 33 St. Mary=s L.J. at 933, n.139.  This
is not part of the legislative history at allCit is the opinion
of the author of a comment in 2002 as to the unstated intent of legislators in
enacting a statute in 1979.  See In re
Sullivan, 157 S.W.3d 911, 918B19 (Tex. App.CHouston [14th
Dist.] 2005, mand. denied) (stating that statements of nonlegislators made
after the enactment of the legislation at issue are not legislative history and
are not relevant to the construction of the statute).  Furthermore, the comment author bases his
opinion on the statute=s exclusion of all workers= compensation
claims, regardless of whether the agreement to arbitrate is in writing and
signed by each party=s attorney.  It is not reasonable to conclude that the legislature
intended to limit Apersonal injury claim@ to physical personal injury simply
because the legislature was simultaneously considering an exemption for workers= compensation claims.








Since at least the early part of the last century, Texas
courts have recognized claims such as libel, slander, and false imprisonmentCnone of which involve physical injuryCas personal injury claims.  Over a century ago, in Houston Printing
Co. v. Dement, the court, holding that libel and slander are included in
the term Apersonal injuries,@ explained:

That injuries to the physical man are generally meant
by the expression Apersonal injuries@ may be
conceded, but it is nevertheless true that injuries to the reputation and to
the health have ever been classed and treated by law writers as personal
injuries.  The absolute rights of each
individual are the rights of personal security and injuries against the life,
the limb, the body, the health, or the reputation of the individual.

 

44 S.W. 558, 560 (Tex. Civ. App. 1898, writ denied); accord Brewster
v. Baker, 139 S.W.2d 643, 645 (Tex. Civ. App.CBeaumont 1940, no writ) (stating that
A[d]amage to character as the result
of slander or libel is a personal injury@).  Thus, the majority=s analysis seems
to overlook how Texas courts have interpreted the term Apersonal injury
claim.@ 

Appellants assertCand the majority seems to agreeCthat because various Texas statutes
define Apersonal injury@ in a way that suggests the term is
limited to physical injuries,[1]
we should apply that same meaning in determining if legal malpractice claims
fall within the scope of section 171.002(a)(3) of the Texas Arbitration Act.  If anything, the fact that the legislature
chose to define the term Apersonal injury@ in other statutes in a way that
differs from both case law and ordinary usage, but did not do so in the Texas
Arbitration Act tends to suggest that the legislature did not intend the
term to be used in the more restrictive sense (that is, to limit it to physical
injuries) in the Texas Arbitration Act. 
But the question of whether Apersonal injury@ in the Texas Arbitration Act is
restricted to Aphysical injury@ is a question this court need not
and should not answer today.  Based on a
plain-meaning analysis of the statute, the court should simply hold that a
legal malpractice claim is not a claim for Apersonal injury@ under the Texas Arbitration Act.








In sum, the court is correct to the extent it concludes that legal
malpractice is not included in  Apersonal injury@ as that term is used in section
171.002(a)(3) of the Texas Civil Practice and Remedies Code.  However, the court errs in relying on an
after-the-fact opinion as to legislative intent as if it were part of the
legislative history.  Furthermore, the
court need not and this should not decide today the issue of whether a Aclaim for personal injury@ as used in this statute is limited
to physical injury.  

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered and Majority and Concurring Opinions
filed October 6, 2005.

Panel consists of Justices Anderson, Frost, and
Seymore.  (Anderson, J., majority.)

 

 











[1]  See Majority
Opinion, p. 4., n.4.