Footnotes in HTML versions of opinions are designated by boxes or squares
in the text (click on either for the footnote text) and are not numbered. For an
exact copy of the opinion, retrieve the Adobe PDF version.
 IN THE SUPREME COURT OF TEXAS

════════════
No. 05-0250
════════════

In re Dillard Department Stores, Inc.
and Grizelda Reeder, Relators


════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════

PER CURIAM

            In this original mandamus proceeding, the relators Dillard Department Stores, Inc. and
Grizelda Reeder (collectively “Dillard”) challenge the trial court’s denial of their motion to compel
arbitration under an arbitration agreement between Dillard and an employee, Andrea Martinez. The
court of appeals denied Dillard’s petition for writ of mandamus. We hold that the arbitration
agreement is valid and enforceable and that Martinez’s claims fall within the terms of the agreement. 
Because the trial court clearly abused its discretion in denying the motion to compel arbitration we
conditionally grant Dillard’s petition for writ of mandamus. 
            Andrea Martinez was employed with Dillard for almost twenty years. On August 25, 2000,
Martinez signed an arbitration agreement in which she acknowledged that she had received and
would be subject to the rules of arbitration contained in the agreement and that her continued
employment constituted acceptance of the provisions. The arbitration terms expressly applied to
claims arising from employment that were violations of the law or personal injuries arising from
termination. The arbitration agreement excluded worker’s compensation claims. Dillard’s
representative also signed the agreement.
            On November 15, 2002, Dillard terminated Martinez's employment, and on November 13,
2003, Martinez filed this lawsuit against Dillard, its district manager, Grizelda Reeder, and two
unnamed employees. Martinez asserted a cause of action for defamation. Dillard moved to compel
arbitration, first under its revised 2002 arbitration rules, but then amended their filings to compel
arbitration under the 2000 rules that Martinez originally acknowledged. It is undisputed that the
Federal Arbitration Act (FAA) applies to the arbitration agreement. See 9 U.S.C. §§ 1-16. 
             Mandamus relief is available when a trial court erroneously denies a motion to compel
arbitration under the FAA. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001). “[A] party
seeking to compel arbitration under the FAA must establish that: (1) there is a valid arbitration
agreement, and (2) the claims raised fall within that agreement's scope.” In re Kellogg Brown &
Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005). 
            Martinez challenges both the validity and scope of the arbitration agreement. Dillard argues
that the arbitration agreement is valid because both parties agreed to it and that Dillard does not
retain a unilateral right to modify the agreement. We agree.
            Contract law determines the validity of arbitration agreements. Id. The trial court’s
determination of an arbitration agreement's validity is a legal question. J.M. Davidson, Inc. v.
Webster, 128 S.W.3d 223, 227 (Tex. 2003). The objective intent as expressed in the agreement
controls the construction of an unambiguous contract, not a party's after-the-fact conduct. Lopez v.
Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 861 (Tex. 2000) (holding that a court must give
effect to parties' intentions as expressed in the document); See J.M. Davidson, Inc., 128 S.W.3d at
223 (holding that a court should first try to determine intent from the document if unambiguous
before resorting to parol evidence). 
            Martinez does not deny she signed the 2000 arbitration agreement and then continued to work
at Dillard. That agreement and its rules of arbitration provide no unilateral right to modify the
agreement or the rules. But Dillard’s initial motion to compel arbitration relied on its 2002 rules of
arbitration which, unlike the 2000 rules, specifically included defamation claims. Martinez never
agreed to the 2002 rules and argued that Dillard’s filing for arbitration under the 2002 rules showed
that Dillard intended to retain the right to unilaterally modify the arbitration agreement. In response,
however, Dillard agreed that the 2000 rules applied, not the 2002 rules.
            The arbitration agreement and the 2000 rules do not provide Dillard any right to unilaterally
modify the agreement. For that reason, and because both parties agreed to and signed the agreement,
the agreement is not illusory and is binding on Martinez. See Lopez, 22 S.W.3d at 861. 
            Dillard next argues that even though defamation claims are not specifically mentioned in the
2000 rules, Martinez’s claim is nevertheless covered under the arbitration agreement because
defamation is a personal injury. A court should not deny arbitration "unless it can be said with
positive assurance that an arbitration clause is not susceptible of an interpretation which would cover
the dispute at issue." Prudential Sec. Inc. v. Marshall, 909 S.W.2d 896, 899 (Tex. 1995) (quoting
Neal v. Hardee’s Food Sys., Inc., 918 F.2d 34, 37 (5th Cir. 1990)) (emphasis omitted); see In re
Kellogg Brown & Root, Inc., 166 S.W.3d at 737. The 2000 rules state:
Arbitration applies to the following claims over the reasons leading to separation and
. . . to the following claims, timely made, which could have arisen out of the
associate's employment: 
            * * * * * 
• Violations of any other federal, state, county, municipal or other governmental,
constitution, statute, ordinance, regulation, public policy or common law, affecting
economic terms of employment. 
 
• Personal injuries arising from a termination, except those covered by workers'
compensation. 

The phrase “personal injuries” has been interpreted by Texas courts to include injuries to reputation. 
See, e.g., Houston Printing Co. v. Dement, 44 S.W. 558, 560 (Tex. Civ. App.—Galveston 1898, writ
ref’d); Brewster v. Baker, 139 S.W.2d 643, 645 (Tex. Civ. App.—Beaumont 1940, no writ). 
            Martinez argues that the term “personal injuries” can reasonably be read to mean only bodily
injuries. However, the agreement is susceptible to an interpretation that includes Martinez’s claim
of defamation. See, e.g., Houston Printing Co., 44 S.W. at 560. Therefore, the trial court was
required to compel arbitration. Prudential Sec. Inc., 909 S.W.2d at 899.
            Martinez argues her claims did not arise from her termination and therefore are not arbitrable
under the agreement. We disagree. Martinez's claims are tied to her termination. Martinez alleges
defamation based on comments made near the time of her termination and she seeks damages
including "loss of earnings and earning capacity." Any damages in this case could be viewed as
intertwined with her employment and termination, and any ambiguity as to whether "arising from"
should mean intertwined, or occurring as a direct result from, is resolved in favor of arbitration. See
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271 (Tex. 1992); Prudential Sec. Inc., 909 S.W.2d at
899. We hold that Martinez’s claims fall within the scope of the arbitration agreement signed by the
parties.
            Without hearing oral argument, we conditionally grant the writ of mandamus and direct the
trial court to order that all claims proceed to arbitration under the Federal Arbitration Act. The clerk
is instructed to issue the writ only if the trial court fails to do so.
 
OPINION DELIVERED: January 27, 2006.