COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 NAZARETH HALL NURSING CENTER,
  
                             Appellant,
  
 v.
  
  
 ESPERANZA MELENDEZ,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00199-CV
  
 Appeal from the 
  
 County Court at Law
 Number Three
  
 of El
 Paso County, Texas 
                                                     
 (TC#2010-2564) 
  
 
 


 

                                                                  O
P I N I O N

Nazareth Hall Nursing Center appeals the trial court’s order
denying its motion to compel arbitration. 
We affirm.

FACTUAL AND PROCEDURAL
BACKGROUND

Nazareth Hall employed Esperanza Melendez from May 1990 until July
2009.  In 2006, Melendez received an employee
handbook and signed the “Employee Acknowledgment and Arbitration Agreement”
(the agreement) attached to the handbook.[1]
 Although a signature line for
Nazareth Hall appears on the agreement, Nazareth Hall is not a signatory to the
agreement.  Melendez’ signature
acknowledged that she received and read the introduction to the handbook.  She also acknowledged and understood that an
arbitration policy required any controversy or claim arising out of her
employment to be settled by binding arbitration.  In the agreement, Nazareth Hall reserved the right to change any of the policies or
procedures in the handbook at any time, with or without notice, and with or
without cause.  In May 2009,
Nazareth Hall modified its arbitration policy by separating the arbitration
agreement from the “Employee
Acknowledgment and Arbitration Agreement” of the employee handbook.  Under the modifications, Nazareth continued
to reserve the right to amend any policies or procedures at any time with or
without notice, but also inserted new language providing that any change in the
arbitration provisions would be delivered to each employee and would only apply
prospectively.  After the modifications,
it was standard procedure for a Nazareth Hall representative to sign the
agreement on the entity’s behalf. 
Melendez denied receiving notice of or accepting the 2009 modified
agreement.  There is no evidence in the
record that the 2009 modified agreement was signed by Melendez or Nazareth
Hall.

Melendez was discharged from employment on July 23, 2009.  Melendez subsequently filed a claim with the
Equal Employment Opportunity Commission alleging that she had been discriminated
against because of her age.  The
Commission granted Melendez a notice of right to file suit.  Melendez filed suit for age discrimination
and retaliation. Nazareth Hall filed a motion to compel arbitration.  In her response to the motion, Melendez
asserted that Nazareth Hall failed to show that the agreement met all the
required contract elements.  She argued
that no enforceable arbitration agreement existed because the agreement was
illusory.  In addition, Melendez contends
that Nazareth Hall cannot compel arbitration because it did not sign the
agreement.  After a hearing and
additional briefing by the parties, the trial court denied Nazareth Hall’s
motion to compel without stating the grounds for denial.  This appeal followed.

DISCUSSION

In a single issue, Nazareth Hall contends that the trial court
erred by denying its motion to compel arbitration.  First, Nazareth Hall stresses that in
determining whether to compel arbitration, courts should recognize the strong
policy in favor of arbitration under Texas and federal law.  Second, Nazareth Hall asserts that the
arbitrator, not the court should determine the issue of an illusory contract.  Third, Nazareth Hall contends that the lack
of its signature on the agreement does not terminate its right to compel
arbitration.

Standard of
Review

We review a trial court’s denial on a motion to compel arbitration
for an abuse of discretion.  Sidley Austin Brown & Wood, LLP v. J.A.
Green Dev. Corp., 327 S.W.3d 859, 862-63 (Tex. App. – Dallas 2010, no
pet.). 
A trial court’s determination regarding the validity of an
arbitration agreement is subject to de
novo review.  J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex.
2003).  In evaluating a motion to compel
arbitration, we must first determine whether a valid arbitration agreement
exists between the parties.  In re D. Wilson Constr. Co., 196 S.W.3d
774, 781 (Tex. 2006).  When a trial court refuses to compel arbitration pursuant to a valid and enforceable
arbitration agreement it abuses its discretion. 
In re Halliburton
Co., 80 S.W.3d 566, 573
(Tex. 2002).

Applicable Law

The parties do not dispute that the FAA applies to this
proceeding.  See 9 U.S.C.A. §§ 1- 16 (West 2009).  A party seeking to compel arbitration must
establish the existence of a valid arbitration agreement and show that the
claims presented fall within the scope of that agreement.  In re
Dillard Dept. Stores, Inc., 186 S.W.3d 514, 515 (Tex. 2006); In re AdvancePCS Health L.P., 172 S.W.3d
603, 605 (Tex. 2005); Budd v. Max
International, LLC, 339 S.W.3d 915, 918 (Tex. App. – Dallas 2011, no
pet.).  Here, Melendez does not argue
that the asserted claims are not covered within the scope of the arbitration
agreement.  Rather, she challenges
whether an agreement to arbitrate was ever entered into by the parties.

While there is a strong presumption in favor of arbitration, it
arises only after a valid arbitration agreement is proven to exist.  J.M.
Davidson, 128 S.W.3d at 227. 
Generally, when determining if a valid enforceable arbitration agreement
exists, courts not arbitrators consider gateway issues such as whether a valid
arbitration clause exists and whether it binds a nonparty.  In re
Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex. 2005); Stanford Development Corp. v. Stanford Condominium Owners Ass’n,
285 S.W.3d 45, 48 (Tex. App. – Houston [1st Dist.] 2009, no pet.); see also In re Morgan Stanley & Co.,
293 S.W.3d 182, 190 (Tex. 2009) (any claim which questions the existence of an
arbitration agreement is a question for the court); In re Rubiola, 334 S.W.3d
220, 224–25 (Tex. 2011) (whether non-signatory can compel arbitration depends on existence of
valid agreement between specific parties and is therefore a gateway matter for
the court to determine).  However, the parties may agree to submit
gateway matters to arbitration.  See Rent-A-Center, W., Inc. v. Jackson,
---U.S.----, 130 S.Ct. 2772, 2777, 177 L.Ed.2d 403 (2010).  

In determining the validity of an arbitration agreement, we apply
the principles of state contract law.  In re Palm Harbor Homes, Inc., 195
S.W.3d 672, 676 (Tex. 2006) (citing First
Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920
(1995)); In re Kellogg Brown & Root,
Inc., 166 S.W.3d 732, 738 (Tex. 2005). 
The
elements needed to form a valid and binding contract are (1) offer; (2)
acceptance in strict compliance with the offer’s terms; (3) a meeting of the
minds; (4) consent by both parties; (5) execution and delivery; and (6)
consideration.  Advantage Physical Therapy Inc. v. Cruse, 165 S.W.3d 21, 24 (Tex.
App. – Houston [14th Dist.] 2005, no pet.).

Mutual promises to arbitrate
employment constitute sufficient consideration for such agreements.  D.R.
Horton, Inc. v. Brooks, 207 S.W.3d 862, 868 (Tex. App. – Houston [14th
Dist.] 2006, no pet.).  An arbitration agreement is
illusory if one party is able to “avoid its promise to arbitrate by amending the
provision or terminating it altogether.” In
re 24R, Inc., 324 S.W.3d 564, 567 (Tex. 2010); In re Lucchese Boot Co., 324 S.W.3d 211, 213 (Tex. App. – El Paso
2010, no pet.) (promise to arbitrate not illusory where it cannot be avoided by
change or termination); see also Carey v. 24 Hour Fitness, USA, Inc.,
669 F.3d 202, 206-09 (5th Cir. 2012) (finding arbitration agreement illusory
because employer could unilaterally modify or terminate provision at any time);
Morrison v. Amway Corp., 517 F.3d 248,
254 (5th Cir. 2008) (same).  “When
illusory promises are all that support a purported bilateral contract, there is
no mutuality of obligation, and therefore, no contract.”  In re
24R, Inc., 324 S.W.3d at 567.

Analysis

Who Decides The
Court or The Arbitrator?

Nazareth Hall first complains that the trial court erred in
denying its motion to compel because an arbitrator, rather than a trial court
should determine whether the arbitration agreement is illusory.  Melendez responds that the issues before the
trial court were contract-formation issues which should be decided by a court,
not an arbitrator.  We agree that the
issue presented is whether any valid arbitration agreement exists.

In general, when the validity of a contract containing the
arbitration agreement is challenged, the issue is for the arbitrator as long as
the agreement is valid.  See In re FirstMerit Bank, N.A., 52
S.W.3d 749, 753 (Tex. 2001)  In contrast,
when the very existence of an arbitration agreement is challenged as opposed to
its continued validity or enforcement, it is a matter for the court.  See In
re Morgan Stanley, 293 S.W.3d at 189. 
Here, Melendez disputes the existence of a valid arbitration agreement
because the agreement she signed in 2006 lacked consideration as a result of
Nazareth Hall retaining the unilateral right to change the policies and
procedures within the agreement and it was not signed by Nazareth Hall.  She also contends that Nazareth Hall never
notified her of the May 2009 modified agreement and that she never accepted
that agreement.  Whether an arbitration
agreement is in existence is an argument directed at the actual making of the
contract; accordingly, it is an issue for the court to decide.  Id.  Because Melendez attacks the existence of a
valid arbitration agreement based on lack of consideration and because Nazareth
Hall is not a signatory to the agreement her claims go directly to the making
of a valid contract, thus it is an issue left to the resolution of the
court.  See id.

But even assuming the issues do not attack the existence of the
agreement and instead go to the validity and enforceability of the agreement
which would be decided by the arbitrator, as argued by Nazareth Hall, Melendez’
claims would still be decided by the trial court because Nazareth Hall’s
agreement expressly reserved questions of validity and enforceability to the
court, not the arbitrator.  See Rent-A-Center,
130 S.Ct. at 2777 (recognizing parties can agree to arbitrate questions
of arbitrability); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115
S.Ct. 1920, 131 L.Ed.2d 985 (1985) (power to decide arbitrability depends on
what the parties agreed to about the matter); AT&T Technologies, Inc. v.
Communications Workers, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d
648 (1986) (holding parties may agree to arbitrate arbitrability).  Here, the agreement provided that “[a]ny
lawsuits challenging the validity and enforceability of this arbitration
provision will be brought in a court of competent jurisdiction in El Paso
County, Texas.”  The agreement clearly
delegated power to the court to decide any claims concerning its validity and enforceability
and thus, the issues here were for the court and not the arbitrator.  See id.

Does a Valid Arbitration Agreement Exist?

Nazareth Hall next contends that an enforceable,
non-illusory arbitration agreement exists because Melendez was an at-will
employee who acknowledged receipt of its arbitration policy and continued to
work after the date she signed the agreement. Therefore, Nazareth Hall argues
Melendez consented to the agreement.  Melendez argues that there is
no agreement in existence because the agreement she signed lacked consideration
and as such it is illusory and unenforceable.

The 2006
Agreement

An arbitration agreement is valid if it meets the general
requirements of the applicable state’s contract law.  In re
Poly-America, L.P., 262 S.W.3d 337, 347 (Tex. 2008).  The initial determination of whether an
enforceable agreement exists is decided by the application of contract
law.  Id.
at 348; In
re Palm Harbor Homes, 195 S.W.3d at 676.

Here, when Melendez signed the 2006 agreement she
acknowledged that as a condition of her employment and continued employment any
controversy or claim related to her employment were required to be settled by
binding arbitration.  The agreement
states that it is equally binding on both parties and that both parties waive
their right to a jury trial.  Under the 2006
agreement, Melendez is free to terminate employment at any time, with or
without notice as can Nazareth Hall for any reason not prohibited by law.  However, the 2006 agreement expressly allows Nazareth
Hall to unilaterally amend the agreement at any time and without notice.
Therefore, even though the agreement states that it is binding on both parties,
Nazareth Hall’s promise to arbitrate is illusory because Nazareth Hall can
unilaterally change the agreement at any time without notice.  See In
re Datamark, Inc., 296 S.W.3d 614, 617 (Tex. App. – El Paso 2009, no pet.).
 Because
the agreement lacks binding promises from Nazareth Hall to Melendez as required
in the formation of a contract, there was no consideration and there is no
enforceable arbitration agreement.  See In re 24R, Inc., 324 S.W.3d at 567.

The
2009 Agreement

In her appellate brief, Melendez argues that the 2009
modified agreement was not an enforceable contract because there was no evidence
that she ever accepted or knew about the modified agreement.  Nazareth Hall has not directly addressed this
argument on appeal even though it was asserted below.  However, Nazareth Hall asserts that it had an
arbitration policy in place, Melendez signed the agreement, and continued to
work until 2009, which constituted acceptance of its arbitration policy.  As it is unclear if Nazareth Hall is
referring to the 2006 or 2009 agreements or both, we will address Melendez’
cross-point regarding the 2009 agreement.

Because arbitration is a creature of contract, a party
cannot be compelled to arbitrate a dispute unless an agreement to do so
exists.  In re Bunzl USA, Inc., 155 S.W.3d 202, 209 (Tex. App. – El Paso
2004, orig. proceeding).  An employer
asserting a change in an at-will employment contract must show that the
employee received notice of the change and accepted the change.  In re
Halliburton Co., 80 S.W.3d 566, 568 (Tex. 2002).  When an employer notifies the employee of the
change and he or she continues working with knowledge of the change, the change
is accepted as a matter of law.  Id. 
Here there is no evidence in the record and Nazareth Hall does not prove
that Melendez was ever notified of the 2009 modified agreement or that she
accepted the agreement.  Accordingly, the
2009 modified agreement is invalid and unenforceable against Melendez.  Id.

Because
there was no valid and enforceable agreement in either 2006 or 2009, Nazareth
Hall has failed to prove that a valid arbitration agreement existed between the
parties.  Accordingly, we conclude that the
trial court did not err in denying Nazareth Hall’s motion to compel arbitration
and need not address Nazareth Hall’s additional contention that the absence of
its signature on the 2006 agreement was not fatal to its right to compel
arbitration.  See In re
Dillard Dept. Stores, 186 S.W.3d at 515
(a party seeking to compel arbitration must
prove the existence of a valid arbitration agreement); see also Tex. R. App. P. 47.1 (“The court of
appeals must hand down a written opinion that is as brief as practicable but
that addresses every issue raised and necessary to final disposition of the
appeal.”).  We
overrule Nazareth Hall’s sole issue on appeal.

CONCLUSION

We affirm the judgment of the trial court.

 

                                                                        GUADALUPE
RIVERA, Justice

June 29, 2012

 

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)

Chew, C.J., (Senior), sitting by assignment











[1]
The Nazareth Hall employee handbook is not part of the record before us.