**In re DILLARD DEPARTMENT STORES, INC. and Grizelda Reeder, Relators.**

No. 05–0250.

Supreme Court of Texas.

Jan. 27, 2006.

Robert A. Valadez and Mark A. Giltner, Shelton & Valadez, P.C., Nissa M. Dunn, Crofts & Callaway, P.C., San Antonio, for Relator.

Mike Milligan, El Paso, for Real Party In Interest.

PER CURIAM.

In this original mandamus proceeding, the relators Dillard Department Stores, Inc. and Grizelda Reeder (collectively "Dillard") challenge the trial court's denial of their motion to compel arbitration under an arbitration agreement between Dillard and an employee, Andrea Martinez. The court of appeals denied Dillard's petition for writ of mandamus. We hold that the arbitration agreement is valid and enforceable and that Martinez's claims fall within the terms of the agreement. Because the trial court clearly abused its discretion in denying the motion to compel arbitration we conditionally grant Dillard's petition for writ of mandamus.

Andrea Martinez was employed with Dillard for almost twenty years. On August 25, 2000, Martinez signed an arbitration agreement in which she acknowledged that she had received and would be subject to the rules of arbitration contained in the agreement and that her continued employment constituted acceptance of the provisions. The arbitration terms expressly applied to claims arising from employment that were violations of the law or personal injuries arising from termination. The arbitration agreement excluded worker's compensation claims. Dillard's representative also signed the agreement.

On November 15, 2002, Dillard terminated Martinez's employment, and on November 13, 2003, Martinez filed this lawsuit against Dillard, its district manager, Grizelda Reeder, and two unnamed employees. Martinez asserted a cause of action for defamation. Dillard moved to compel arbitration, first under its revised 2002 arbitration rules, but then amended their filings to compel arbitration under the 2000 rules that Martinez originally acknowledged. It is undisputed that the Federal Arbitration Act (FAA) applies to the arbitration agreement. *See* 9 U.S.C. §§ 1–16.

Mandamus relief is available when a trial court erroneously denies a motion to compel arbitration under the FAA. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex.2001). "[A] party seeking to compel arbitration under the FAA must establish that: (1) there is a valid arbitration agreement, and (2) the claims raised fall within that agreement's scope." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex.2005).

Martinez challenges both the validity and scope of the arbitration agreement. Dillard argues that the arbitration agreement is valid because both parties agreed to it and that Dillard does not retain a unilateral right to modify the agreement. We agree.

Contract law determines the validity of arbitration agreements. *Id.* The trial court's determination of an arbitration agreement's validity is a legal question. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex.2003). The objective intent as expressed in the agreement controls the construction of an unambiguous contract, not a party's after-the-fact conduct. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex.2000) (holding that a court must give effect to parties' intentions as expressed in the document); *See J.M. Davidson, Inc.*, 128 S.W.3d at 223 (holding that a court should first try to determine intent from the document if unambiguous before resorting to parol evidence).

Martinez does not deny she signed the 2000 arbitration agreement and then continued to work at Dillard. That agreement and its rules of arbitration provide no unilateral right to modify the agreement or the rules. But Dillard's initial motion to compel arbitration relied on its 2002 rules of arbitration which, unlike the 2000 rules, specifically included defamation claims. Martinez never agreed to the 2002

rules and argued that Dillard's filing for arbitration under the 2002 rules showed that Dillard intended to retain the right to unilaterally modify the arbitration agreement. In response, however, Dillard agreed that the 2000 rules applied, not the 2002 rules.

The arbitration agreement and the 2000 rules do not provide Dillard any right to unilaterally modify the agreement. For that reason, and because both parties agreed to and signed the agreement, the agreement is not illusory and is binding on Martinez. *See Lopez,* 22 S.W.3d at 861.

 Dillard next argues that even though defamation claims are not specifically mentioned in the 2000 rules, Martinez's claim is nevertheless covered under the arbitration agreement because defamation is a personal injury. A court should not deny arbitration "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 899 (Tex.1995) (quoting *Neal v. Hardee's Food Sys., Inc.,* 918 F.2d 34, 37 (5th Cir.1990)) (emphasis omitted); *see In re Kellogg Brown & Root, Inc.,* 166 S.W.3d at 737. The 2000 rules state:

> Arbitration applies to the following claims over the reasons leading to separation and ... to the following claims, timely made, which could have arisen out of the associate's employment:
> * * * *
> • Violations of any other federal, state, county, municipal or other governmental, constitution, statute, ordinance, regulation, public policy or common law, affecting economic terms of employment.
> • Personal injuries arising from a termination, except those covered by workers' compensation.

The phrase "personal injuries" has been interpreted by Texas courts to include injuries to reputation. *See, e.g., Houston Printing Co. v. Dement,* 18 Tex.Civ.App. 30, 44 S.W. 558, 560 (Tex.Civ.App.—Galveston 1898, writ ref'd); *Brewster v. Baker,* 139 S.W.2d 643, 645 (Tex.Civ.App.—Beaumont 1940, no writ).

Martinez argues that the term "personal injuries" can reasonably be read to mean only bodily injuries. However, the agreement is susceptible to an interpretation that includes Martinez's claim of defamation. *See, e.g., Houston Printing Co.,* 44 S.W. at 560. Therefore, the trial court was required to compel arbitration. *Prudential Sec. Inc.,* 909 S.W.2d at 899.

Martinez argues her claims did not arise from her termination and therefore are not arbitrable under the agreement. We disagree. Martinez's claims are tied to her termination. Martinez alleges defamation based on comments made near the time of her termination and she seeks damages including "loss of earnings and earning capacity." Any damages in this case could be viewed as intertwined with her employment and termination, and any ambiguity as to whether "arising from" should mean intertwined, or occurring as a direct result from, is resolved in favor of arbitration. *See Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 271 (Tex.1992); *Prudential Sec. Inc.,* 909 S.W.2d at 899. We hold that Martinez's claims fall within the scope of the arbitration agreement signed by the parties.

Without hearing oral argument, we conditionally grant the writ of mandamus and direct the trial court to order that all claims proceed to arbitration under the Federal Arbitration Act. The clerk is instructed to issue the writ only if the trial court fails to do so.