Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★



# MEMORANDUM OPINION

No. 04-10-00194-CV

**PARAMOUNT REHAB & HEALTH/PHCC**,
Appellant

v.

Tamesha **MATTHEWS**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-17280
Honorable Martha Tanner, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  July 28, 2010

REVERSED AND REMANDED

Paramount Rehab & Health/PHCC ("Paramount") seeks relief from the trial court's order denying its motion to compel arbitration. Because the trial court erred by denying Paramount's motion to compel arbitration, we reverse the trial court's order and remand the cause to the trial court for entry of an order compelling the parties to arbitration.

## BACKGROUND

Paramount, a non-subscriber under the Texas Workers' Compensation Act, hired Tamesha Matthews as a nurse in 2009. During the course of Matthews's employee orientation

on June 2, 2009, Paramount provided Matthews with a benefits schedule for its Employee Injury Benefit Plan, a summary plan description for its Employee Injury Benefit Plan, and a Mutual Agreement to Arbitrate Claims. The arbitration agreement stated, in part, as follows:

> The effective date of this Mutual Agreement to Arbitrate Claims ("Agreement") is 04/01/2009. If claimant receives notice of this Agreement prior to commencing work at [Paramount], Claimant's commencement of work at Company shall constitute acceptance of the terms and conditions of this Agreement. In that situation, the date of Claimant's commencement of work shall be the acceptance date. For any other Claimant, Claimant's continuation of work at Company after three days have passed from the date Claimant receives notice of this Agreement shall constitute acceptance of the terms and conditions of this Agreement. In that situation, the fourth day after receipt of this notice shall be the acceptance date.

> For Claimants who commence or continue employment at [Paramount] as of their respective acceptance date, Company and Claimant mutually agree to resolve Covered Claims which occur on or after the effective date according to the terms and conditions of this Agreement.

> ***

> Company is engaged in "commerce" as that term is defined in Section 1 of the Federal Arbitration Act ("FAA"). The FAA governs all aspects of this Agreement.

> ***

> COVERED CLAIMS SHALL BE EXCLUSIVELY RESOLVED BY BINDING ARBITRATION.

> ***

> This Agreement is mutual, covering all claims that Company or Claimant may have which arise from . . . [a]ny injury suffered by Claimant in the Course and Scope of Claimant's employment with Company, including but not limited to, claims for negligence, gross negligence, and all claims for personal injuries, physical impairment, disfigurement, pain and suffering, mental anguish, wrongful death, survival actions, loss of consortium and/or services, medical and hospital expenses, expenses of transportation for medical treatment, expenses of drugs and medical appliances, emotional distress, exemplary or punitive damages and any other loss, detriment or claim of whatever kind and character[.]

Matthews subsequently signed a document entitled "Receipt and Arbitration Acknowledgment," which included the following recitals:

> RECEIPT OF MATERIALS. By my signature below, I acknowledge that I have received and read (or had the opportunity to read) the Benefits Schedule, Summary Plan Description (the "SPD") for the Employee Injury Benefit Plan, and Mutual Agreement to Arbitrate Claims, effective 05/01/2004.
>
> ARBITRATION. I acknowledge that this includes a mandatory company policy requiring that certain claims or disputes (that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator, rather than a judge and jury in court. I understand that by receiving this Mutual Agreement to Arbitrate Claims and becoming employed (or continuing my employment) with the Company at any time on or after 05/01/2004, I am accepting and agreeing to comply with these arbitration requirements. I understand that the Company is also accepting and agreeing to comply with these arbitration requirements. All covered claims brought by my spouse, children, parents, estate, successors and assigns are also subject to this Mutual Agreement to Arbitrate Claims, and any decision of an arbitrator will be final and binding on such persons and the Company.

Matthews purportedly sustained physical injuries to her back while in the course and scope of her employment on June 18, 2009. Matthews sued Paramount for negligence in October 2009, seeking damages for her injuries. Paramount moved to compel arbitration based on the written documents signed by Matthews during her employee orientation.

At the hearing on Paramount's motion to compel arbitration, Pamela Reeves, Paramount's Director of Staff Development, testified she conducted Matthews's orientation when Matthews joined Paramount. Reeves stated she discussed a document entitled "Mutual Agreement to Arbitrate Claims" with Matthews and witnessed Matthews sign the "Receipt and Arbitration Acknowledgment" form. Reeves testified she took the opportunity to examine Paramount's files and ascertained that Exhibit 2, which is a copy of Paramount's "Mutual Agreement to Arbitrate Claims," is a true and correct copy of the document she reviewed with Matthews during Matthews's employee orientation. Paramount's Director of Human Resources,

Deanna Dominguez, also testified at the hearing on the motion to compel arbitration. According to Dominguez, the "Mutual Agreement to Arbitrate Claims" document was presented to Matthews during her employee orientation. After the hearing on Paramount's motion to compel arbitration, the trial court denied the motion without explanation. This appeal followed.

**DISCUSSION**

A party seeking to compel arbitration under the FAA must establish: (1) a valid arbitration agreement exists; and (2) the claims at issue fall within that agreement's scope. *In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006). "Generally under the FAA, state law governs whether a litigant agreed to arbitrate, and federal law governs the scope of an arbitration clause." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005). Although there is a strong presumption favoring arbitration, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). The trial court's determination as to the validity of an arbitration agreement is a legal question subject to *de novo* review. *Id.* "If the trial court finds a valid agreement, the burden shifts to the party opposing arbitration to raise an affirmative defense to enforcing arbitration." *Id.*

On appeal, Matthews claims we must affirm the trial court's order denying Paramount's motion to compel arbitration because Paramount failed to establish that she consented to the terms of the particular arbitration agreement introduced into evidence at the hearing on the motion to compel. Paramount's Director of Staff Development testified at the hearing on the motion to compel that she personally discussed the arbitration documents with Matthews as part of Matthews's orientation. She stated that Exhibit 2, which is a copy of the "Mutual Agreement to Arbitrate Claims" found in Paramount's files, is a true and correct copy of the document she

- 4 -

reviewed with Matthews during her orientation.   She further testified Matthews signed the acknowledgment reciting her acceptance of Paramount's arbitration requirements in her presence.  It is evident from the record that Matthews was provided with the "Mutual Agreement to Arbitrate Claims" appearing in the record and that she agreed to comply with its terms by executing the "Receipt and Arbitration Acknowledgment" document.

Next, Matthews argues the trial court properly denied Paramount's motion to compel arbitration because Paramount failed to sign any of the arbitration documents.  "Although the FAA requires an arbitration agreement to be written, it does not expressly require the agreement to be signed by the parties." *In re Big 8 Food Stores, Ltd.*, 166 S.W.3d 869, 876 (Tex. App.—El Paso 2005, orig. proceeding); *see Shearson Lehman Hutton, Inc. v. McKay*, 763 S.W.2d 934, 937 (Tex. App.—San Antonio 1989, no writ); *Valero Ref., Inc. v. M/T Lauberhorn*, 813 F.2d 60, 64 (5th Cir. 1987).  The absence of Paramount's signature from the arbitration documents is thus inconsequential. *See In re Brown & Root, Inc.*, No. 05-98-00689-CV, 1998 WL 325692, *2 (Tex. App.—Dallas 1998, no pet.) (not designated for publication) (rejecting employee's argument that arbitration agreement was not binding because employer failed to sign the agreement).  Because the record shows the parties entered into a valid arbitration agreement, we must next consider whether Matthews's claims fall within the arbitration agreement's scope. *See In re Dillard Dep't Stores, Inc.*, 186 S.W.3d at 515.

Matthews sued Paramount for negligence.  The parties' arbitration agreement expressly covers "all claims for negligence, gross negligence, and all claims for personal injuries."  The claims covered under the "Mutual Agreement to Arbitrate Claims" therefore include all claims that Matthews brought against Paramount.

**CONCLUSION**

We conclude a valid arbitration agreement exists and that Matthews's claims fall within the scope of the agreement. The trial court clearly erred in denying Paramount's motion to compel arbitration. Accordingly, the trial court's order denying Paramount's motion to compel arbitration is reversed and the case is remanded to the trial court for entry of an order compelling the parties to arbitration.

Catherine Stone, Chief Justice