**Opinion issued July 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00015-CV

———————————

## DENNIS WEITZEL, Appellants

## V.

## BRENT COON, INDIVIDUALLY, AND BRENT W. COON, P.C. D/B/A BRENT COON AND ASSOCIATES, Appellee

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-52828**

---

## MEMORANDUM OPINION

Dennis Weitzel filed this interlocutory appeal from the trial court's order denying his motion to compel arbitration. We conclude that the trial court erred by denying the motion. We reverse and remand for proceedings in accordance with this opinion.

**Background**

This case concerns business dealings between attorneys. In 2002, Brent Coon & Associates (BCA) and Dennis Weitzel entered into a referral agreement ("2002 agreement") that outlined the percentage of fees Weitzel and another attorney, Michael T. Gallagher, would receive upon a case's favorable resolution if they referred certain asbestos, mesothelioma, and lung cancer clients to BCA. The letter included an attachment listing several cases to show the source of the referral and the attorney working on the case. Sometime after the agreement, Weitzel joined BCA as an attorney. On February 19, 2010 Weitzel ended his employment with BCA. In April 2010, Weitzel and BCA, similarly sophisticated parties, entered into a separation agreement ("2010 agreement") effective February 19, 2010. The separation agreement, negotiated at arm's length, incorporates four exhibits. The parties agreed to an integration clause, stating that the agreement and its exhibits represent the entire agreement between BCA and Weitzel. The 2010 agreement also contains an arbitration clause. Specifically, BCA and Weitzel agreed that all disputes arising under the 2010 agreement would be resolved by arbitration.

Coon and BCA's case against Weitzel arose from a dispute about a fee agreement between Michael T. Gallagher and the Gallagher Law Firm PLLC and Coon and BCA. In August 2018, Michael T. Gallagher and The Gallagher Law

Firm PLLC sued Coon and BCA alleging breach of the referral agreement between Gallagher and BCA related to certain asbestos, mesothelioma, and lung cancer clients. Gallagher sought declaratory relief and an accounting of the cases subject to the agreement. Coon and BCA filed a third party claim against Dennis Weitzel, asserting causes of action against Weitzel for BCA's alleged overpayment of referral fees to Weitzel, and requested declaratory relief. BCA argued that Weitzel did not forward portions of payments to Gallagher that he received from BCA. Weitzel filed an answer and moved to compel arbitration pursuant to the 2010 agreement executed between Weitzel and BCA. The trial court denied Weitzel's motion to compel arbitration in December 2018, and Weitzel appeals.

## Motion to Compel Arbitration

Weitzel argues on appeal that the trial court abused its discretion by denying his motion to compel arbitration. Weitzel contends that the 2010 agreement contains a valid, enforceable arbitration agreement and BCA's claims fall within the scope of that agreement.

### A. Standard of Review

Section 171.098 of the Texas Civil Practice and Remedies Code permits the interlocutory appeal of an order denying a motion to compel arbitration. TEX. CIV. PRAC. & REM. CODE § 171.098. We review interlocutory appeals of orders denying motions to compel arbitration for an abuse of discretion, deferring to the trial

3

court's factual determinations if they are supported by evidence and reviewing questions of law de novo. *Cleveland Constr., Inc. v. Levco Constr., Inc.*, 359 S.W.3d 843, 851–52 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd).

**B.     Analysis**

The parties, who are both attorneys, do not dispute the existence of a 2010 agreement between BCA and Weitzel that has an arbitration clause nor do they dispute the existence of a 2002 agreement between them with no arbitration clause. The dispute is which agreement applies and the extent to which the 2002 agreement was incorporated into the 2010 agreement.

Weitzel, the movant in the trial court, argues that the trial court erred in denying his motion to compel arbitration because the 2010 agreement with an arbitration clause applies. He further alleges that the 2002 agreement was incorporated by reference into the 2010 agreement. BCA responds that the dispute is not covered by the scope of the 2010 agreement and is governed exclusively by the 2002 agreement.

We first must determine whether the decision as to the scope of the 2010 agreement to arbitrate was the trial court's to make, or if instead the parties agreed to have the arbitrator decide questions of arbitrability.

The arbitration clause in the 2010 agreement specified that:

All disputes arising under this Agreement shall be resolved by binding arbitration proceedings brought under the auspices and rules of the

4

American Arbitration Association (AAA) only to the extent that such rules are not inconsistent with this section. Arbitration awards resulting from such proceedings shall be binding and specifically enforceable to the maximum extent permitted by law. Arbitrators shall be selected in accordance with the rules established by AAA.

Generally, the question of arbitrability is a gateway issue to be decided by a court rather than an arbitrator. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 120 (Tex. 2018). The question of arbitrability addresses which claims must be arbitrated. *Southwinds Express Constr., LLC v. D.H. Griffin of Tex., Inc.*, 513 S.W.3d 66, 71 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see also Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 229 (Tex. App.—Dallas 2010, pet. denied) (questions of arbitrability include "whether the parties agreed to arbitrate and whether a claim or dispute is encompassed in the agreement to arbitrate"). Unless the parties clearly and unmistakably agree to submit threshold questions of arbitrability to the arbitrator, these issues are to be resolved by courts. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding); *Burlington Res. Oil & Gas Co. v. San Juan Basin Royalty Trust*, 249 S.W.3d 34, 39–40 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). The court must enforce a valid arbitration agreement that delegates arbitrability to the arbitrator rather than the court. *See RSL Funding, LLC*, 569 S.W.3d at 120. This determination depends on an interpretation of the

parties' contracts, which we review de novo. *See In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006) (orig. proceeding).

The 2010 agreement between BCA and Weitzel governs business dealings between them after Weitzel left BCA. It is an agreement between two similarly sophisticated parties who negotiated at arm's length. With reference to the disputed referral cases it states, "The original fee agreements prevail for all cases referred by Weitzel to BCA identified in Exhibit 4."[*] The parties included an integration clause, agreeing that the 2010 agreement and its exhibits "constitute the entire agreement between the parties with respect to the subject matter here of."

BCA and Weitzel agreed that "all disputes arising under" the 2010 agreement would be resolved by arbitration under the "rules of the American Arbitration Association (AAA)." The AAA Commercial Arbitration Rules state, "The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for . . . arbitration by the AAA of a domestic commercial dispute without specifying particular rules." Commercial Arbitration Rules and Mediation Procedure R-1(a) (effective June 1, 2009), *available at* www.adr.org. Under Rule 7 of the Commercial Arbitration Rules, the "arbitrator shall have the power to rule on his or her own jurisdiction, including

---

[*] Though Exhibit 4 is not in the record, the parties agree that the referral cases subject to the current proceeding appear in Exhibit 4 of the 2010 agreement. *See* TEX. R. APP. P. 38.1(g) (stating that in a civil case, the court will accept the facts stated in the appellant's brief as true unless another party contradicts them).

6

any objections with respect to the existence, scope or validity of the arbitration agreement." *Id.* at R-7(a). The express incorporation of rules that empower the arbitrator to determine arbitrability, such as the AAA Commercial Arbitration Rules, is clear and unmistakable evidence of the parties' intent to allow the arbitrator to decide such issues. *Schlumberger Tech. Corp. v. Baker Hughes Inc.*, 355 S.W.3d 791, 802 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Burlington Res. Oil & Gas Co.*, 249 S.W.3d at 40–41 ("We are also mindful that, in certain circumstances, the incorporation of AAA rules may constitute clear and unmistakable evidence of an intent to allow an arbitrator to decide issues of arbitrability."); *Trafigura Pte. Ltd. v. CNA Metals Ltd.*, 526 S.W.3d 612, 616–17 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (listing sister courts who held the same).

The parties incorporated the AAA Rules into the 2010 agreement and thus agreed that the arbitrator, not the trial court, would decide gateway issues, including whether their dispute falls under the arbitration clause of the 2010 agreement. Because BCA and Weitzel agreed that the arbitrator would decide these questions, the trial court should have granted this aspect of Weitzel's motion so that the dispute, including the extent to which the 2002 agreement was incorporated into the 2010 agreement, could be resolved in arbitration. *See Schlumberger Tech. Corp.*, 355 S.W.3d at 803.

While we hold that the arbitration agreement binds BCA and Weitzel, this dispute also involves Coon individually. Normally, only parties to an arbitration agreement can be compelled to arbitrate. *In re Kellogg, Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (orig. proceeding). Six theories may bind non-signatories to arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel, and (6) third-party beneficiary. *See id.* Gallagher sued both Coon individually and "Brent W. Coon, P.C. d/b/a Brent Coon and Associates." The signatory to the 2002 and 2010 agreements was "Brent Coon & Associates." The relationship between Coon and Brent W. Coon, P.C. is not apparent from the record nor is it apparent if Brent Coon & Associates as referenced in the 2002 agreement involves the same entity referenced in the 2010 agreement and 2018 lawsuit. Because the record is unclear, Weitzel did not meet his burden to show that the trial court abused its discretion in denying his motion to compel arbitration against Coon.

## Conclusion

We reverse the trial court's interlocutory order that denied Weitzel's motion to compel arbitration, and we remand the case to the trial court. On remand, we direct the trial court to order BCA and Weitzel to arbitrate the substantive arbitrability question.

Peter Kelly
Justice

Panel consists of Justices Keyes, Kelly, and Goodman.