

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00081-CV

GULF COAST VETERINARY SURGERY – SAN ANTONIO MANAGEMENT LLC AND
VETERINARY SPECIALISTS OF NORTH AMERICA LLC, Appellants

V.

JOCELYN COOPER, DVM, AND TIGE WITSBERGER, DVM, Appellees

On Appeal from the 57th District Court
Bexar County, Texas
Trial Court No. 2023CI06566

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

This is an interlocutory appeal from an order dated August 29, 2023, in the 57th Judicial District Court in Bexar County[1] denying a motion to compel arbitration. On appeal, Gulf Coast Veterinary Surgery – San Antonio Management LLC (Gulf Coast) and Veterinary Specialists of North America LLC (VSNA) claim the trial court abused its discretion in refusing to refer their contract dispute with veterinarians Jocelyn Cooper and Tige Witsberger to arbitration.

Cooper and Witsberger agreed to binding arbitration in their employment contracts with their original employer, Gulf Coast Veterinary Surgery—San Antonio, PLLC (the Practice). Thereafter, another company, VSNA, purchased Cooper's and Witsberger's interests in the Practice, including the Practice's contractual obligations with Cooper and Witsberger. A month after the purchase, and as a part of the transaction, Gulf Coast was formed to manage VSNA. Cooper and Witsberger left Gulf Coast and VSNA, and they sued both Gulf Coast and VSNA, seeking the "fair value for their membership interests" in the veterinary practice and a declaratory judgment on the contract provisions applicable to those valuations.

Gulf Coast and VSNA moved to compel arbitration under the terms of Cooper's and Witsberger's employment contracts. The trial court, not the arbitrator, considered and denied the request. Gulf Coast and VSNA claim that both the trial court's determination of arbitrability and the trial court's denial of their request to compel arbitration were an abuse of discretion. We find that, although the trial court properly considered the issue of arbitrability, this dispute should

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We are unaware of any conflict between precedent of the Fourth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

have been referred to arbitration. Accordingly, we reverse the trial court's judgment and remand the case to the trial court for entry of an order compelling arbitration and staying the litigation.

## I.        Factual Background

On May 30, 2014, Cooper and Witsberger both signed employment contracts with the Practice. As a part of their employment contracts, they agreed to arbitrate their disputes, employment and otherwise, as follows:

> [A]ll disputes arising out of this agreement or arising in any way with Employee's employment or any relationship whatsoever with the Practice, its agents, servants and/or employees shall be resolved exclusively through binding arbitration under the rules then in effect of the American Arbitration Practice or a mutually agreeable arbitrator.

In 2016, Cooper and Witsberger sold their interests in their veterinary business with the Practice to VSNA. After VSNA purchased Cooper's and Witsberger's interests in the Practice, Cooper and Witsberger did not sign new or separate employment contracts with VSNA. Instead, Cooper and Witsberger both signed an asset purchase agreement on June 30, 2016, whereby VSNA acquired their interests in the Practice.

In the asset purchase agreement, VSNA, as the "Purchaser," agreed to purchase from the Practice, as the "Seller," "all contracts:"

> The Acquired assets shall include the following, without limitation, to the extent that the same are owned by the Seller:
>
> . . . .
>
> (b) all Contracts (but not including any Employee Benefit Plan or Contracts which the primary focus of which is Taxes) related to Seller, including those set forth on Schedule 1.1(b) (the "Assumed Contracts") . . . .

Within a month of the sale, on July 25, 2016, Gulf Coast was formed to manage the Practice. At the same time of Gulf Coast's creation, VSNA, the Practice, Cooper, and Witsberger executed an "Amendment No. 1 to Asset Purchase Agreement." In Paragraph 2.1 of the Amendment, the signatories agreed that VSNA and Gulf Coast would be interchangeable: "All references to 'Veterinary Specialists of North America LLC,' 'VSNA' and 'Purchaser' in the Asset Purchase Agreement shall be deemed to mean 'Gulf Coast Veterinary Surgery – San Antonio Management LLC' [(Gulf Coast)]."

Two years later, in 2018, the Practice and VSNA executed another contract with Cooper and Witsberger entitled "First Amendment to Employment Agreement." Cooper and Witsberger also signed those contracts. In those contracts, VSNA was granted the authority to enforce "remedies and rights" of the Practice:

> WHEREAS, the Practice has retained the services of Veterinary Specialists of North America LLC ("VSNA") (d/b/a Compassion-First Pet Hospitals) and its related affiliates (hereinafter collectively, "VSNA") to provide management services to the Practice. Accordingly, VSNA is and shall be a third-party beneficiary of this Amendment, and to the extent that any remedies or rights are provided to the Practice herein, such rights and remedies may be enforced by VSNA as if it were a party hereto; . . . .

As a part of those contracts, Cooper and Witsberger also recognized that "all of the terms and provisions of the Existing Agreement [employment contract were] and [would] remain in full force and effect and [were thereby] ratified and confirmed by the Parties."

In 2022, Cooper and Witsberger left VSNA and Gulf Coast and sought to recover money from them for their membership interests and obtain a declaratory judgment related to the valuation of those interests. Under the terms of the contract creating Gulf Coast, "[a]ny member

may withdraw or resign as a Member of the Company by giving not less than ninety (90) days' prior written notice of such withdrawal or resignation to the Company." Cooper and Witsberger claim they complied with that provision and now seek to have the "fair value for their membership interests" and a declaratory judgment on this issue.

VSNA and Gulf Coast did not agree to their terms for departure and the "fair value for their membership interests," and Cooper and Witsberger filed suit on April 3, 2023. Cooper and Witsberger claim breach of contract and seek a declaratory judgment. In response, VSNA and Gulf Coast moved to compel arbitration.

## II.    Standard of Review

The denial of a motion to compel arbitration is reviewed for abuse of discretion. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009) (orig. proceeding); *CHG Hosp. Bellaire, LLC v. Johnson*, No. 01-20-00437-CV, 2022 WL 3720136, at *4 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet.) (op. on remand) (holding "[w]e review interlocutory appeals of orders denying motions to compel arbitration for an abuse of discretion"). Whether the claims in dispute fall within the scope of a valid arbitration agreement and whether a party has waived its rights to arbitrate are questions of law, which are reviewed de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d at 642–43; *Enter. Field Servs., LLC v. TOC-Rocky Mountain, Inc.*, 405 S.W.3d 767, 773 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

Both the Federal Arbitration Act (FAA) and the Texas Arbitration Act (TAA) may apply to arbitration agreements. *See Ewing Constr. Co. v. Benavides Indep. Sch. Dist.*, No. 04-19-00797-CV, 2020 WL 1277756, at *2 (Tex. App.—San Antonio Mar. 18, 2020, pet. denied)

(mem. op.) (citing *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 778–79 (Tex. 2006) (orig. proceeding)). In Cooper's and Witsberger's employment agreements, the "[g]overning [l]aw" is specified to be "the laws of the State of Texas." Such contractual language has been interpreted "as invoking both the FAA and the TAA to the extent they are not inconsistent." *Id.* at *2.

III. **Analysis**

Upon review, we find that (1) the trial court properly determined the question of arbitrability, (2) non-signatories VSNA and Gulf Coast may enforce the arbitration agreements against Cooper and Witsberger, and (3) Cooper and Witsberger's claims are within the scope of the arbitration agreements.

A. **The Trial Court Properly Determined the Question of Arbitrability**

As an initial matter, VSNA and Gulf Coast claim the trial court abused its discretion by deciding the issue of arbitrability. We find that it did not.

As a general principle, "absent unmistakable evidence that the parties intended the contrary, it is the courts rather than arbitrators that must decide 'gateway matters' such as whether a valid arbitration agreement exists." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding) (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). Such a "gateway matter" includes "[w]hether an arbitration agreement is binding on a nonparty." *Id.* Because whether, as non-signatories, VSNA and Gulf Coast may enforce the arbitration agreements is a "gateway matter" under *In re Weekley Homes, L.P.*, the trial court in this case properly considered this issue.

VSNA and Gulf Coast do not agree with this assessment and argue that the employment contracts in this case require the issue of arbitrability be decided by an arbitrator and require "binding arbitration" be "under the rules then in effect of the American Arbitration Practice or a mutually agreeable arbitrator." They claim such a provision is the same as providing that arbitration be conducted "in accordance with the AAA or similar rules," which "constitutes a clear and unmistakable agreement that the arbitrator must decide whether the parties' disputes must be resolved through arbitration." *TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 708 (Tex. 2023).

We disagree with this argument. Unlike *TotalEnergies*, the arbitration provisions in this case do not contain such "a clear and unmistakable agreement." *Id.* As recognized above, the relevant contract provisions in this action provide that "binding arbitration" be made "under the rules then in effect of the American Arbitration Practice or a mutually agreeable arbitrator." The "American Arbitration Practice" is not the "AAA" or the "American Arbitration Association" as was present in *TotalEnergies.* The parties do not appear to dispute that the "American Arbitration Practice" is not even a real organization. That said, there is no "clear and unmistakable agreement" that the parties desired an arbitrator to decide the issue of arbitrability. *Id.* Because there was no such agreement, the trial court did not abuse its discretion in considering the issue of arbitrability.

## B.  VSNA and Gulf Coast May Enforce the Arbitration Agreement

As non-signatories to the employment contracts, VSNA and Gulf Coast can both enforce the arbitration agreements between the Practice and Cooper and the Practice and Witsberger on the basis of assumption.

The determination whether to compel arbitration involves a two-step process. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding); *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (per curiam) (orig. proceeding)). First, there must be "a valid arbitration agreement." *Id.* Second, "the claims raised fall within that agreement's scope." *Id.* As a part of the first element, courts consider "[w]hether a non-signatory may enforce an arbitration agreement's terms." *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018) (citing *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 525 (Tex. 2015)).

There are six situations where arbitration with non-signatories may be compelled. *See id.* (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 739). The situations are "(1) incorporation by reference, (2) assumption, (3) agency, (4) alter ego, (5) equitable estoppel, and (6) third-party beneficiary." *Id.*; *see Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003).

At issue in the current action is the second basis: assumption. "To assume a contractual obligation, there must be promissory words or words of assumption on behalf of the assignee." *Wagner v. Apache Corp.*, 627 S.W.3d 277, 286 (Tex. 2021) (citing *Jones v. Cooper Indus., Inc.*,

938 S.W.2d 118, 124 (Tex. App.—Houston [14th Dist.] 1996, writ denied)). As further emphasized in *Wagner*, such contractual obligations are assumed when "all" obligations are assumed: "All obligations means *all* obligations." *Id.* Because VSNA and Gulf Coast purchased the Practice's contracts and assumed those contracts, they also purchased Cooper's and Witsberger's employment contracts and assumed rights under those contracts.

### 1. VSNA May Enforce the Arbitration Agreement

As noted above, in 2016, VSNA assumed Cooper's and Witsberger's arbitration agreements when VSNA purchased Cooper's and Witsberger's interests in the Practice. As stated in the asset purchase agreement, the "Assets to be Purchased" included "(b) all Contracts (but not including any Employee Benefit Plan or Contracts which the primary focus of which is Taxes) related to Seller, including those set forth on Schedule 1.1(b) (the 'Assumed Contracts')."

In their briefing, Cooper and Witsberger claim that Schedule 1.1(b) is not included in the record and the contracts specifically listed in Schedule 1.1(b) could impact the result of this case. We disagree. Because there is no limitation in this provision on the type of contract and the word "including" is used, this would necessarily include employment contracts. *See, e.g.*, *Houston Bank & Tr. Co. v. Lansdowne*, 201 S.W.2d 834, 838 (Tex. App.—Galveston 1947, writ ref'd n.r.e.) (recognizing that "including" generally acts as a term of enlargement, not limitation). Thus, we find that, when VSNA purchased their interests in the Practice, VSNA also purchased their employment contracts.

The fact that only the employment contracts, and not the asset purchase agreement between VSNA and the Practice, contained an arbitration clause is not relevant. *See Kirby*

*Highland Lakes Surgery Ctr., L.L.P. v. Kirby*, 183 S.W.3d 891, 893–94 (Tex. App.—Austin 2006, orig. proceeding). In *Kirby*, a physician and his wife brought a breach of contract suit against the physician's partners. *See id.* The purchase and sale agreement did not contain an arbitration clause, but the Third Court of Appeals enforced the "extremely broad" arbitration clause contained only in the partnership agreement. *Id.* at 898. The court in *Kirby* held that, because "the Partnership Agreement contains a broad arbitration clause extending to disputes 'related to' that agreement; that agreement and the Purchase and Sale Agreement were executed at the same time as parts of a single transaction; and the Partnership Agreement was essential to the overall transaction." *Id.*

In Cooper and Witsberger's case, VSNA went as far as to purchase and assume "all Contracts" as a part of the asset purchase agreement. As in *Kirby*, this assumption was a part of the purchase and appears to be integral to the purchase, despite the fact the employee agreements were executed in 2014 and the sale from the Practice to VSNA did not occur until 2016. Notably, when the "First Amendment to Employment Agreement" was ratified two years later in 2018, Cooper and Witsberger also recognized that "all of the terms and provisions of the Existing Agreement [were] and [would] remain in full force and effect and [were thereby] ratified and confirmed by the Parties." The fact those terms were reaffirmed demonstrates they were important to VSNA. Indeed, if Cooper and Witsberger planned to be released from those broad arbitration provisions at that time, they should not have reaffirmed the terms of the existing employment agreements.

### 2. Gulf Coast May Enforce the Arbitration Agreement

In addition to VSNA, Gulf Coast also purchased those employment contracts. Shortly after the agreement was reached with the Practice, VSNA, the Practice, Cooper, and Witsberger all agreed that the asset purchase agreement included Gulf Coast such that VSNA would be interchangeable with Gulf Coast. Consequently, under the contract terms of the parties, Gulf Coast also purchased the Practice's contracts.

### C. Cooper and Witsberger's Claims Are Within the Scope of the Arbitration Agreement

Because VSNA and Gulf Coast are permitted to enforce the arbitration agreements against Witsberger and Cooper, the remaining question under the two-part analysis explained in *Kellogg* is whether the claims in dispute fall within the agreement's scope. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737. Under the terms of the employment agreements, both Cooper and Witsberger agreed to resolve "all disputes arising out of this agreement or arising in any way with Employee's employment or any relationship whatsoever with the Practice, its agents, servants and/or employees . . . exclusively through binding arbitration."

In the present action, Cooper and Witsberger are seeking breach of contract damages and declaratory relief. They seek to recover from VSNA and Gulf Coast. According to the terms of their employment contracts, "all disputes" are to be submitted to binding arbitration. This is an expansive and broad arbitration provision and is not just limited to employment disputes. *See, e.g.*, *Frost Bank v. Steven A. Davis, M.D., P.A.*, No. 04-20-00522-CV, 2021 WL 2446210, at *3 (Tex. App.—San Antonio June 16, 2021, no pet.) (mem. op.) (citing *In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006) (per curiam) (orig. proceeding)) (compelling arbitration

for negligence, conversion, fraudulent inducement, and breach of contract based upon an expansive and broad arbitration agreement between the parties requiring "ALL DISPUTES" be referred to arbitration).

This is especially true where, as here, Witsberger and Cooper are professionals and cannot be characterized as merely "employees," but they have ownership interests in dispute. Even if the contracts were not assumed, this lawsuit would likely qualify under their arbitration agreements as it applies to "all disputes arising out of this agreement or arising in any way with Employee's employment or any relationship whatsoever with the Practice, its agents, servants and/or employees." As such, this case must be referred to binding arbitration.

## IV. Conclusion

We reverse the trial court's judgment and remand the case to the trial court for entry of an order compelling arbitration and staying the litigation.

Scott E. Stevens
Chief Justice

Date Submitted:     January 12, 2024
Date Decided:       January 31, 2024